# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELZO COCKREN, | ) | 1:09cv0169 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING MOTION FOR |
| | ) | ATTORNEY FEES PURSUANT TO 42 U.S.C. |
| v. | ) | § 406(b) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | (Document 30) |
| | ) | |
| Defendant. | ) | |

Petitioner Denise Bourgeois Haley ("Counsel"), attorney for Plaintiff Elzo Cockren, filed the instant motion for fees on December 12, 2011. Counsel requests fees in the amount of $9,000.00 pursuant to 42 U.S.C. § 406(b)(1).

Defendant did not file an opposition.

## BACKGROUND

Plaintiff filed this action on January 12, 2009. On July 14, 2010, the Court found that the underlying decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence. The Court reversed the ALJ's decision and remanded the case for further proceedings. Pursuant to the Court's order, the Clerk of the Court entered judgment in favor of Plaintiff.

On October 12, 2010, the Court granted the parties' stipulation for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), along with costs, in the total amount of $3,600.00.

On September 21, 2011, ALJ Robert Milton Erickson issued a decision finding Plaintiff disabled since January 18, 2006. Exhibit 2, attached to Application. Pursuant to the ALJ's

decision, the Commissioner issued a Notice of Award on October 20, 2011. Exhibit 3, attached to Motion; Exhibit 1, attached to Notice of Errata. The Notice indicates that Plaintiff is entitled to past-due monthly benefits totaling $64,645.60.

By this motion, Counsel seeks an award of $9,000 for 24.6 hours of attorney time.[1] This amount represents slightly more than 13.9% percent of the past-due award. After crediting $3,600.00 received previously pursuant to the EAJA, Counsel requests a net fee of $5,400.00 from the past-due award.

## **DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." The Court must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* at 808. Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

---

[1]Counsel submitted a detailed billing statement. Exhibit 4, attached to Motion.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured an extremely favorable result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests an amount equal to approximately 13.9% percent contingent-fee that Plaintiff agreed to at the outset of the representation. Exhibit 1, attached to Motion. The $9,000 fee ($5,400.00 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $64,645.60. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

**ORDER**

Based on the foregoing, Counsel's section 406(b) Motion is GRANTED in the amount of $9,000.00. This amount should be payable directly to the Law Offices of Lawrence D. Rohlfing. Upon payment, Counsel is directed to refund $3,600.00 to Plaintiff.

IT IS SO ORDERED.

Dated:   **February 21, 2012**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE